## MITCHELL v. BOWERS, Collector of Internal Revenue.

(District Court, S. D. New York. December 1, 1925.)

Internal revenue ⊜⇒7 — Subpartnership contract in income from partnership held not to affect taxability of income from original partnership.

Subpartnership contract, entitling wife to one-half of husband's profits from partnership and making her liable for one-half of losses, did not affect taxability of husband's income from original partnership, under Revenue Act Sept. 8, 1916, § 8, as amended by Revenue Act Oct. 3, 1917, § 1204, subd. 1 (e), and Revenue Act 1918, § 218 (a), being Comp. St. Ann. Supp. 1919, § 6336⅛i; agreement not affecting husband's legal title to income, but at most creating mere equity therein.

In Equity. Suit by Ormsby McKnight Mitchell against one Bowers, Collector of Internal Revenue. Complaint dismissed.

Parker & Aaron, of New York City (H. Aaron, of New York City, of counsel), for plaintiff.

Emory R. Buckner, U. S. Atty., of New York City (Sherwood E. Hall, Asst. U. S. Atty., of New York City, of counsel), for defendant.

HAND, District Judge. The plaintiff seeks to recover alleged excess income taxes paid for the years 1917, 1918, and 1919 under protest. He was a member of the firm

of Power, Son & Co., and had a 51 per cent. interest in the business. By a contract with his wife, he and she agreed to "form a subpartnership as to the profits" which should accrue to him from the above-mentioned firm. The contract provided that the wife should "be entitled to one-half of the profits which shall come to the party of the first part from said firm, and shall likewise be liable to pay to the party of the first part one-half of the losses which he may sustain by reason of his partnership in said firm." It is contended by the plaintiff that by reason of the foregoing contract he was only liable to return and pay taxes on one-half of his 51 per cent. interest in the business, though he was assessed on the entire 51 per cent.

Section 8 of the Revenue Act of 1916, as amended by subdivision one of section 1204 of the Revenue Act of 1917, provided that:

"(e) Persons carrying on business in partnership shall be liable for income tax only in their individual capacity, and the share of the profits of the partnership to which any taxable partner would be entitled if the same were divided, whether divided or otherwise shall be returned for taxation and the tax paid under the provisions of this title. * * * "

Section 218(a) of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 6336⅛i) provided:

"That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year. * * * "

It need not be disputed that the plaintiff is correct in his view that the contract between him and his wife operated as an equitable assignment by him to her of his future earnings as a partner in the firm of Power, Son & Co., and that she stood in the same relation as any third party with whom a like agreement might have been made; but the statute directly covers such a situation and reaches the share of the profits of the firm to which the plaintiff became entitled. His wife never became a member of the firm, and never obtained any interest in her husband's earnings, "except to one-half of the profits which shall come" to him. In other words, by the statute "there is included, in computing the net income of each partner, his distributive share * * * of the net income of the partnership for the taxable

year," and by the terms of the agreement of subpartnership the profits had to "come" to the plaintiff before his wife became entitled to one-half of the same. Thus the partnership profits became specifically taxable before the interest of the wife arose.

Counsel for plaintiff contends that, in states where the community law gives the wife an equal share in her husband's earnings, his taxable income derived from the partnership would be only one-half of the profits from his share as fixed by the partnership articles. Even if the community law would involve such a result, had this case arisen in California or other jurisdiction where the civil-law doctrines derived from the old Spanish law still to some extent prevail, it does not follow that a similar result can be brought about by the mere agreement of the parties. Indeed, if it were possible, a partner could indefinitely subdivide his share of firm earnings among members of his family, in order to avoid income taxes, without permanently divesting himself of any capital.

Under the Roman law, the status of marriage gives rise to certain fixed property rights, whereby one-half of the earnings of the so-called "community" belong to the wife, though the husband is the business administrator. These rights of the wife are not identical with beneficial interests in trust property such as are known to Courts of Chancery of English origin. Trust estates and equitable titles are foreign to the civil law. Under the community law the legal title to one-half the husband's earnings from a partnership may be fixed in the wife, to the exclusion of the husband's rights in the wife's half, except such as enable him to carry out the business terms of the partnership with his associates.

In civil-law jurisdictions, the marriage status, which definitely fixes the interest of the wife in the partnership earnings, as well as other "acquests" or gains, is a definite law regulating what shall be the separate income of the two spouses. Certainly as a practical matter one may well treat the income of the two spouses as separate for purposes of taxation, because of the property rights created by this law, and not regard a private agreement to divide future income, manifestly entered into to avoid taxation as having a like effect.

The community law more nearly resembles a gift by the husband to his wife of his securities, the title to which he parts with permanently. By that process the husband has parted with income-producing property,

which only the wife is thenceforth obliged to return for taxation. The agreement of subpartnership here does not, like the community law, transfer legal title under fixed rules of law to the wife, but creates in her, at most, an equity in income already vested by law in her husband.

For the foregoing reasons, I regard the agreement of subpartnership as having had no effect on the taxability of the plaintiff's income in the original partnership, and direct that the complaint be dismissed.